**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | : | |
| | : | |
| | : | Case No. 3:26-cv-23 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| GRANDINETTI CONSULTING, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

---

**ENTRY AND ORDER GRANTING GRANDINETTI CONSULTING, LLC'S
MOTION TO DISMISS OR STAY (DOC. NO. 15), AND GRANTING
DEFENDANT GRANDINETTI CONSULTING, LLC'S MOTION TO DISMISS
OR STAY DEFENDANT HILL APARTMENTS OF SPRINGFIELD, LLC'S
CROSSCLAIMS (DOC. NO. 23)**

---

Now before the Court are Defendant Grandinetti Consulting, LLC's Motion to Dismiss or Stay ("First Motion") (Doc. No. 15), and Defendant Grandinetti Consulting, LLC's Motion to Dismiss or Stay Defendant Hill Apartments of Springfield, LLC's Crossclaims ("Second Motion") (Doc. No. 23) (together, the "Motions"). Plaintiff State Auto Property and Casualty Company ("State Auto") brought this interpleader case in an effort to disassociate itself from a dispute regarding entitlement to insurance proceeds between Defendants Grandinetti Consulting, LLC ("Grandinetti") and Hill Apartments of Springfield, LLC ("Hill"). (*See* Doc. No. 1.) With its Motions, Grandinetti now wishes to dismiss State Auto's interpleader suit in favor of an action for breach of contract between Grandinetti and Hill, currently pending in the United States District

1

Court for the Middle District of Tennessee.[1]  For the reasons that follow, the Court finds Grandinetti's Motions to be well-taken and **GRANTS** both, accordingly.

## I.  BACKGROUND

The instant Complaint for Interpleader ("Complaint") (Doc. No. 1) is precipitated by an appraisal, whereby State Auto agreed to pay its insured, Hill, a sum of $2,029,442.91 in insurance proceeds.  (Doc. No. 1 at PageID 4.)  When State Auto issued a check to Hill for this amount, the insurance company also inexplicably required all of Hill's third-party creditors who had been involved in the appraisal to endorse the check with a signature guarantee.  (*Id.*)  Once endorsed, the award of $2,029,442.91 would be held in trust by Hill's attorney and disbursed to Hill's various creditors as necessary.  (*Id.*)

Successful payment was, however, apparently thwarted by Grandinetti.  Grandinetti served as Hill's appraisal consultant and, when the underlying appraisal was ultimately completed, Grandinetti issued an invoice to Hill for $232,873.18 as payment for its services.  (*Id.* at PageID 5-6.)  Upon receiving State Auto's appraisal award check for endorsement, Grandinetti allegedly advised that it would not endorse the check until its invoice for the amount of $232,873.18 was first paid in full.  (*Id.* at PageID 5.)  The effect of this turn of events was that neither Hill nor its other creditors would receive any insurance proceeds owed by State Auto unless and until Grandinetti received payment.  (*Id.*)

Critically though, Hill disputes Grandinetti's entitlement to the full amount invoiced.  (*Id.* at PageID 6.)  In short, Hill allegedly takes issue with the lack of detail contained in Grandinetti's invoice and otherwise suspects Grandinetti of unacceptable billing practices.  (*Id.* at PageID 6-8.)

---

[1] The Court hereby takes judicial notice of the record in the matter of *Arthur Grandinetti, et al. v. Hill Apartments of Springfield, LLC, et al.*, M.D. Tenn. No. 3:25-cv-1476.  When referring to the Middle District of Tennessee case throughout this Order, the Court shall cite to the record by stating the name of the court (M.D. Tenn.) and the document number referenced (Doc. XX).

At an impasse, Grandinetti filed suit for breach of contract against Hill in Tennessee state court on November 12, 2025, pursuant to a forum selection clause in Grandinetti's consultation agreement with Hill.  (*See* M.D. Tenn., Doc. 1-1.)  Hill subsequently removed that case to the United States District Court for the Middle District of Tennessee on December 19, 2025.  (*See* M.D. Tenn., Doc. 1.)  On July 7, 2026, the Middle District of Tennessee denied a motion to dismiss or transfer filed by Hill, finding the Parties' forum selection clause to be enforceable and finding venue to be proper in the Tennessee seat of court.  (*See* M.D. Tenn., Doc. 24.)

For its part, State Auto filed the Complaint at bar on January 15, 2026.  (Doc. No. 1.)  By way of interpleader, State Auto seeks to satisfy its obligation to pay insurance proceeds in the amount of $232,873.18 and let Hill and Grandinetti fight over who gets it.  (*Id.* at PageID 9.)  In all, State Auto, having deposited this disputed sum with the Court, would have the Court relieve State Auto of its obligations as Hill's insurer and simply adjudicate Hill's and Grandinetti's conflicting claims to the money.  (*Id.*)  Hill submitted its Answer to State Auto's interpleader Complaint on March 10, 2026, and therein alleged crossclaims against Grandinetti for breach of contract, tortious interferences, and other causes of action related to the Parties' appraisal consultation agreement.  (Doc. No. 17 at PageID 285-90.)

Having already placed this dispute at issue in Tennessee, Grandinetti filed its First Motion on March 10, 2026.  (Doc. No. 15).  Grandinetti later filed its Second Motion on March 31, 2026.  (Doc. No. 23.)  For all-intents-and-purposes, Grandinetti's two Motions are one in the same.  They both seek dismissal of State Auto's Complaint in favor of the above-referenced action, currently pending in the Middle District of Tennessee.  (*Compare* Doc. Nos. 15 & 23.)  The Second Motion only expands Grandinetti's argument to include pleas to also dismiss State Auto's crossclaims.

3

(Doc. No. 23 at PageID 406.)  In any event, both Motions have been fully briefed and both are now ripe for review and decision.

## II.      ANALYSIS

Grandinetti bases its Motion on Fed. R. Civ. P. 12(b)(3), arguing that this matter has been filed in an improper venue.  (Doc. Nos. 15 at PageID 184; 23 at PageID 408.)  More specifically, Grandinetti contends that this case should be dismissed in favor of the one filed in the Middle District of Tennessee, as that case was filed first.  (*Id.*)  Under this "first-to-file" rule, Grandinetti submits that there are no extenuating circumstances here which might justify encroaching upon the Middle District of Tennessee's jurisdiction by taking this interpleader suit to judgment.  (Doc. Nos. 15 at PageID 187-89; 23 at PageID 412-15.)  Alternatively, Grandinetti moves the Court to stay this matter until the Tennessee case reaches a final judgment.  (Doc. Nos. 15 at PageID 189-92; 23 at PageID 415-18.)

In retort, Hill primarily argues that the first-to-file principle is inapplicable to this case because the forum selection clause that Grandinetti's Tennessee action was brought under is unenforceable.  (*See* Doc. No. 24 at PageID 452-57.)  Otherwise, Hill posits that this action and the Tennessee action are not similar enough to lend credence to Grandinetti's argument because this case includes State Auto as a party, where the Tennessee case does not.  (*Id.* at PageID 457-58.)

Hill's positions on the issue of dismissal are unavailing on all fronts.  The first-to-file rule is rooted in the centuries old axiom that "the [c]ourt which first has possession of the subject must decide it."  *Smith v. McIver*, 22 U.S. 532, 535 (1824).  Restated in more contemporary parlance, "[t]he rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed

to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x. 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). At the end of the day, the first-to-file rule is a principle meant to "encourage[] comity among federal courts of equal rank." *Id.* To determine the applicability of the first-to-file rule, it is helpful to consider: "'(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake.'" *Clear!Blue, LLC v. Clear Blue, Inc.*, 521 F. Supp. 2d 612, 614-15 (E.D. Mich. 2007) (quoting *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903-04 (N.D. Ohio 1999)).

Nevertheless, "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands." *Zide*, 16 F. App'x. at 437. For example, a declaratory action will almost always give way to a coercive action for damages where the former of the two was filed first. *Id.* (citing *Tempco Elec. Heater Corp. v. Omega Eng'g., Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987)) ("A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing"). Other "[f]actors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Overdrive, Inc. v. Foreword Mag., Inc.,* No. 1:10-cv-2814, 2011 WL 1870034, at *4 (N.D. Ohio May 12, 2011) (quoting *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007)) (internal citations and formatting omitted).

The Court finds the first-to-file rule to be squarely applicable to the matter at hand. In short, Grandinetti's Tennessee action was filed first. Grandinetti's Tennessee case was originally filed in November of 2025 and removed to the Middle District of Tennessee on December 19, 2025. Whereas, the interpleader Complaint here was not filed until nearly a month later, in January

5

of 2026. At the least then, Grandinetti's Tennessee action predates this one by a little less than one month.

Furthermore, to say that the parties and issues in this case are not substantially similar to those in the pending Tennessee matter misunderstands the nature of interpleader actions. If the present case is permitted to proceed, State Auto would remain as a party in name only. The insurance company would otherwise be free to step away from this litigation to let Grandinetti and Hill battle it out over their contractual disputes. *See Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1240 (E.D. Ky. 2011) (after establishing jurisdiction, "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial" (internal quotation marks omitted)). To be sure, the contractual dispute placed at issue by State Auto's interpleader Complaint and Hill's crossclaims is in direct relation to the appraisal consultation agreement between Hill and Grandinetti; the very contract that Grandinetti says Hill breached in the Middle District of Tennessee. The only issues not raised in the Tennessee action are those presented by Hill's crossclaims, but, in fairness, Hill has not yet had the opportunity to state its crossclaims there. Given their relation to the contract at issue, Hill's claims should be lodged in answer to Grandinetti's Tennessee complaint.

The Court also finds no reason to dispense with the first-to-file rule, but instead thinks that this case is why the first-to-file rule exists to begin with. To start, Hill does not argue Grandinetti's inequitable conduct or bad faith. Rather, Hill says that the unenforceability of a forum selection clause in the Parties' contract poses an extraordinary circumstance. The Court disagrees. Whether the forum selection clause presumably agreed to by Hill and Grandinetti is enforceable is an issue of law that is properly before the Middle District of Tennessee. (*See* M.D. Tenn., Doc. 7.) So too is the issue of personal jurisdiction. (*Id.*) Indeed, these arguments have now been rejected by the

6

United States District Court for the Middle District of Tennessee.  (*See* M.D. Tenn., Doc. 24.)  The Court cannot now invade the Middle District of Tennessee's sphere of jurisdiction by attempting to upset its ruling.

The Court lastly finds that dismissal is preferable to staying this matter until the Middle District of Tennessee reaches a final judgment.  In effect, that course of action would leave the Court with nothing to adjudicate.  If stayed, the Court would ultimately be bound by *res judicata* to whatever findings the Middle District of Tennessee ends up making.  Practically speaking, staying this matter will just leave the Court holding the bag while Hill and Grandinetti litigate in Tennessee.  The Court thinks this an improper use of its resources.

Accordingly, both of Grandinetti's Motions are **GRANTED**.

## III.    CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** Defendant Grandinetti Consulting, LLC's Motion to Dismiss or Stay (Doc. No. 15) and likewise **GRANTS** Defendant Grandinetti Consulting, LLC's Motion to Dismiss or Stay Defendant Hill Apartments of Springfield, LLC's Crossclaims (Doc. No. 23).  As such, State Auto's Complaint for Interpleader (Doc. No. 1) and Hill's crossclaims are hereby **DISMISSED WITHOUT PREJUDICE**.  The Clerk is **DIRECTED** to alert the Court's finance department that all deposited funds, as reflected by Receipt No. 300003778 (Doc. No. 20), shall be **RELEASED** to State Auto Property and Casualty Company as follows:

> Mr. Frank Stephen Carson
> o/b/o State Auto Property and Casualty Company
> 10 West Broadway Street, Suite 401
> Columbus, Ohio 43215

The Clerk is further **DIRECTED** to **TERMINATE** this case on the Court's docket.

7

8

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 8, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE